# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD THOMPSON, )<br>)<br>Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES of AMERICA, )<br>)<br>Respondent/Plaintiff. ) | CIVIL NO. 08-cv-669-JPG<br><br>CRIMINAL NO. 85-cr-40004 |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the court on Petitioner's Motion under 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

In 1994, Petitioner filed a § 2255 Motion, which was denied. *Thompson v. United States*, Case No. 94-cv-4048-JLF (S.D. Ill., filed March 30, 1994). Petitioner filed the instant motion under § 2255 on October 2, 2008.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Thus, only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition.

> Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, *see McCleskey v. Zant,* 499 U.S. 467, 477, 494-5, 111 S.Ct. 1454, 1461, 1470-71, 113 L.Ed.2d 517 (1991), the new prior-approval device is self-executing. From the district court's perspective, it is the allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *Roldan v. United States,* 96 F.3d 1013, 1014 (7th Cir. 1996). Because there is nothing in the record to establish that Petitioner has sought and obtained a certification from the Seventh Circuit Court of Appeals to pursue this second motion under § 2255, this Court is without jurisdiction to entertain the motion. Accordingly, Petitioner's motion under § 2255 is **DENIED**, and this action is **DISMISSED**.

**IT IS SO ORDERED.**

**Dated: January 7, 2009.**

        **s/ J. Phil Gilbert**
        **U. S. District Judge**